10-1635-cr
United States v. Zimmardi

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22ⁿᵈ day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges*,
>
> PAUL A. CROTTY,
> > *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee*,

v.                                                      No. 10-1635-cr

SALVATORE ZIMMARDI,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:**   Laurie S. Hershey, Manhasset, NY.

**FOR APPELLEE:**   Susan Corkery and John J. Durham, Assistant United States Attorneys, *of counsel* (Loretta E. Lynch, United States Attorney for the Eastern District of New York, *on the brief*), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Salvatore Zimmardi ("defendant" or "Zimmardi") appeals from a judgment of the District Court convicting him, pursuant to his guilty plea, of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Zimmardi was sentenced principally to imprisonment for 84 months. On appeal, Zimmardi claims that his sentence was procedurally and substantively unreasonable because the District Court allegedly failed to consider the history and characteristics of the defendant in accordance with 18 U.S.C. § 3553(a). Zimmardi also claims that, if we remand the action for resentencing, he should be sentenced by a different judge. We assume the parties' familiarity with the facts and procedural history of the action.

We review all sentences using a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (internal quotation marks omitted). Our review has "two components: procedural review and substantive review." *Id.* We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then review the substantive reasonableness of the sentence and reverse only when the Court's sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

The District Court properly calculated the sentencing guidelines, but chose, following three evidentiary sentencing hearings, to impose a sentence above the Guidelines range and above the 60 months requested by the government. During the sentencing hearings, the District Court found that defendant posed a "danger to society." This finding was based upon a recorded conversation in

2

which defendant seemed to be planning to hire someone to murder a woman who had filed a police report that led to defendant's 2001 arrest and subsequent imprisonment for Attempted Lewd or Lascivious Assault on a Child. Although the District Court imposed a sentence two years longer than that sought by the government, we find no procedural error in the District Court's sentencing, nor to do we find the sentence substantively unreasonable. Because we affirm the judgment of the District Court, we need not address defendant's claim that this case should be assigned to another judge.

## CONCLUSION

We have considered all of defendant's claims on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk of Court